McKiNNEY, J.,
delivered the opinion of the court.
This was an action on the case, to recover damages for the unsoundness of a slave, brought by O’Neal against Cobb. The declaration contains two counts: the' first, for a false and fraudulent representation of soundness: the second, for fraud and deceit in the sale •of the slave, founded upon the circumstances of the case. The case was tried at the January term, 1854, of the Montgomery circuit court. The plaintiff recovered $833 75 damages, for which judgment was rendered; and a new trial having been refused, the case is brought to this court by an appeal in error. It appears from the proof in the record, that a short time prior to the 26th of May, 1853, an agreement was entered into between Cobb and O’Neal, for the purchase of a slave, named Priscilla, by the latter from the former. It further appears, that on the 31st of January, 1853, Cobb had purchased said slave from one Thomas C. Brunson, at the price of eight hundred dollars : and Brunson being a minor, one Tompkins, a re *440 sponsible person, joined in the bill of sale to Cobby which contained a warranty of the soundness of said slave. In the negotiation between Cobb and O’Neal, the former demanded nine hundred and fifty dollars for the slave, provided Tie should execute the bill of sale to O’Neal; but proposed to take seven hundred and fifty dollars, if O’Neal would agree to accept a bill of sale for the slave from the said Thomas 0. Brunson, who was still a minor. It is proved by a witness who was present at Brunson’s store, in Clarksville, on the 26th of May, 1853, where Cobb, O’Neal and Brunson were talking over the trade, just befpre the bills of sale from Cobb to Brunson, and from Brunson to O’Neal were executed — that he, the witness, heard the slave Priscilla, oougli, and asked her about it; she said she had been sick for some time, and had a severe hemorrage of the lungs. Witness told O’Neal and Cobb what .the slave had just said; Cobb replied, that “she was merely putting on, she not did want to go to the country; that she was sound, and he would warrant her to be so.” The witness further proves that O’Neal agreed to take the bill of sale from Brunson, but said, that as Brun-son was a minor, he would look to Cobb for the soundness of the negro.
The bills of sale were then executed: first, a bill of sale for said slave from Cobb to Brunson: and then a bill of sale from Brunson, each containing a warranty of soundness. The seven hundred and fifty dollars, the price of the slave, was paid by O’Neal to Cobb.
The proof of physicians, who examined the slave a few days after the purchase by O’Neal, shows that she was laboring under consumption, and that from the in *441 dications, the disease must have been of several months standing: and that the slave was of no value. The proof also shows, that Cobb was a physician. There is a good deal of other testimony in the bill of exceptions, which it is not material to notice.
Eor the plaintiff in error it is insisted, that the judgment is erroneous upon several grounds; the most plausible of which is, the supposed error of the court in admitting evidence of the verbal statement of Cobb, made at the time the bills of sale were executed, in respect to the soundness of the slave. The objection, if we rightly comprehend it, amounts to this, that inasmuch as by the contract of the parties, which was reduced to writing, O’Neal agreed to accept a bill of sale for the slave from Brunson, his remedy was upon the covenant of warranty, against Brunson; and consequently, the verbal representation of Cobb, as to the soundness of the slave, was inadmissible; because not contained in the written agreement, and also, because it could not be made the foundation of an action against Cobb. This reasoning, we think, is altogether unsound in any view of the case. The proof in the record before us, clearly establishes that a gross fraud was practised upon O’Neal: that the slave, at the time of the sale, was of little or no value; that the fact of unsoundness must have been well known both to Cobb and Brunson: and that the circuity of a conveyance from Cobb to Brunson, and from him to O’Neal, was a mere artifice to shield Cobb from liability. Brun-son being protected by his minority.
These facts alone, in our opinion, without the aid of the evidence objected to, sufficiently support the verdict *442 of tbe jury upon tbe second count of tbe declaration. But, we think tbe verdict is equally well supported upon the first count. The rule of evidence supposed to have been infringed by tbe admission of Cobb’s representations at tbe time tbe bills of sale were executed, has no application to this case.
It is certainly true, that parol evidence will not be received, to add to a written agreement a term or stipulation, which, though agreed upon between tbe parties as part of tbe contract, was not introduced into tbe written instrument, for this would be, to alter tbe agreement.
But consistently with this principle, it is well established that a substantive collateral agreement may be substantiated by parol evidence. 11 Humph., 808. Chitty on Con., 108, 113. 2 Stark. Ev., 551, 558.
The representation of Cobb, . “ that the slave was sound, and he would warrant her to be so,” was an independent, substantive stipulation, collateral to the written instrument: and upon the principle just stated, was clearly admissible. This representation constituted a warranty, and might well have been treated as such. But viewing it merely as a misrepresentation of a material fact, affecting the quality and condition of the subject matter of the contract, and made as an inducement thereto, with knowledge that it was false; it unquestionably furnishes, in itself, an ample and complete ground of action upon well settled principles: And upon this ground, the recovery in the present case, is well sustained upon the first count of the declaration.
This cáse, in some of its features, is strikingly novel. The fact that Bruüson, a stranger to this par *443 ticular transaction, was introduced and made to act a part therein; and the other fact, that Cobb should haye voluntarily proposed to abate two hundred dollars of the price of the sale, as inducement to O’Neal to receive the bill of sale from Brunson, are not susceptible of explanation, consistently with the idea of fair dealing * between* the parties, and impress upon the transaction a character, which there is nothing to be found in this record, either to change or alleviate.
The case is a forcible illustration of the wisdom of the law, in leaving fraud undefined, because in its multiform and various aspects, it defies and eludes all definition.
The objections to the charge of the court are unavailable, taken altogether, ño substantial error can be ■predicated of it.
The judgment will be affirmed.